Miller v. Halsey.

---

### ISAAC MILLER v. WILLIAM HALSEY.

Matters, which show how the defendant paid for the premises when he purchased, form no bar to an action brought against him for breach of covenant with the plaintiff, who is another person.

A deed of bargain and sale transfers the possession from the bargainor to the bargainee, by the operation of the statute of uses. The want of actual possession in the covenantee, is no bar to an action on the covenant. Even voluntary and permissive waste is no bar to the action on the covenant, and can form no legal ground of defence either in way of notice, or plea.

Nothing can be good in a notice, that would not form a good plea in bar.

The refusal of a plaintiff to buy in the paramount title, or incumbrance. even when

Miller *v.* Halsey.

offered to him upon moderate terms, is no waiver of the covenant for quiet enjoy-
ment, and cannot bar him of a recovery thereon, after eviction.

An offer of compromise, unaccepted, cannot be given in evidence, much less can it be
set up in bar of an action.

This was an action of covenant. The defendant pleaded
*non est factum*, and with the plea, gave notice of several mat-
ters, which he intended, at the trial, to offer in evidence in bar
of the action. It is unnecessary to give the notice at length,
as the substance is stated in the opihion of the court, delivered
by Justice FORD. The counsel for the plaintiff applied to the
court to set aside the notice. The Chief Justice, having been
employed as counsel, before his appointment, gave no opinion.

FORD, J. The plaintiff in this case, declares in covenant on
an indenture, bearing date the 19th of May, 1809, whereby the
defendant, in consideration of four hundred dollars to him in
hand paid, and the further consideration of a rent of twelve
dollars, to be paid to him and his heirs annually forever, bar-
gained and sold to the plaintiff and his heirs, a lot of land called
No. 3. in the town of Jersey, and therein covenanted for the
plaintiff's quiet enjoyment of the same, and to indemnify him
against all former gifts, grants and incumbrances thereon ; the
plaintiff further says, that at the time when the defendant bar-
gained and sold the lot, as aforesaid, he held it by virtue of a.
deed from The Jersey Associates, in which he had granted to
them a yearly rent of twelve dollars in fee, and a right of re-
entry for non-payment thereof ; and the defendant having suf-
fered the said rent to be in arrear to the said Jersey Associates,
they entered on the said lot by due course of law, the first day
of April, 1829, and evicted the plaintiff therefrom, against his
will, whereby he was deprived of the same, and lost the benefit
of the money he paid for it, and the interest thereof, and twelve
dollars a year which he had paid to the defendant from the date
of his said deed to the time of said eviction.

The defendant pleads *non est factum*, and gives notice of cer-
tain matters which he intends to give in evidence in bar of the
action. This notice the plaintiff moves to have stricken out
alledging that the matters therein contained are vague and un-
certain, and contain no substantial defence, or as far as they do

so, that they may be given in evidence under the general issue. The notice states the intended matters under seven heads.

First. That No. 3. was a water lot partly docked in, filled up, and raised above high water mark, whereby its value was greatly increased at the defendant's expense, being a part consideration of the conveyance from The Jersey Associates to him; and that the defendant conveyed No. 3, to the plaintiff in that state. These matters would shew how the defendant paid for the lot, when he purchased of The Jersey Associates; but that is no bar to this action against him for breach of his covenant with the plaintiff who is another party. It cannot therefore be of any avail unless it will connect itself with substantial matters following, and serve as inducement thereto.

Second. That the plaintiff never took the lot into his actual possession, neither did he inclose, improve or protect it from the waves and tides, whereby the earth that had been filled in was washed away, and the lot greatly injured in value, and reduced almost to its original state. The defendant himself having had actual possession, at the time of conveying it to the plaintiff by deed of bargain and sale, he transferred possession in law to the plaintiff, by means of the deed and operation of the statute of uses, a legal possession, which cannot be controverted in consistency with the deed, that rendered the plaintiff susceptible of eviction. The want of actual possession is no bar to an action like the present. Whether the consideration that was paid for the lot be the only legal measure of damages, or whether they may be lessened by permissive and voluntary waste in value on one hand, or increased by the loss of valuable improvements on the other hand, need not be considered at present, because even voluntary and permissive waste is not a bar to the action, and nothing can be good in a notice that would not form a good plea in bar.

Third. That there were on the lot at no time any goods of the plaintiff which the Jersey Associates could distrain for their rent, and he ceased for many years to pay to the defendant his rent of twelve dollars a year, so that the defendant had to pursue legal measures to recover it. Now these matters are altogether irrelevant to the action, for the plaintiff was not bound to keep a distress on the premises, as a condition for quiet enjoy-

ment of indemnity, and if he neglected to pay his rent to the defendant, the proper remedy of the defendant for it was an action of debt ; it cannot be set off in this action, nor can either of these matters bar an action like the present.

Fourth and fifth. That since the time when this lot was sold to the plaintiff, other lots could be readily obtained in the town of Jersey, for no other consideration than paying the ground rent reserved thereon to the Jersey Associates, and that such continued to be the case till the year eighteen hundred and twenty-six, or eighteen hundred and twenty-seven, when the associates offered to release their ground rents forever, for a sum of money which would produce the same amount annually at legal interest, on their receiving all rent in arrear and costs of eviction where any had accrued ; and an opportunity of obtaining a release of their ground rent on lot No. 3, on these terms, was made known to the plaintiff before his eviction. Now suppose the plaintiff had refused to buy in the paramount title, or incumbrance, even when offered to him upon moderate terms the refusal was no waiver of the covenant for quiet enjoyment, and therefore it cannot bar him of a recovery thereon after eviction.

Sixth. That the defendant offered to procure a release of the ground rent, if the plaintiff would pay him two hundred dollars, &c. An offer of compromise unaccepted, cannot even be given in evidence, much less can it be set up in bar of an action.

The Seventh is nothing more than an offer of compromise, upon one or other of two grounds, neither of which was accepted by the plaintiff, and therefore it stands on the same ground as the last.

Whether some part of these matters may not be given in evidence, under the general issue, must be determined upon the trial of the cause ; but none of them amount to a bar of the action, and therefor the whole of the notice must be set aside.

DRAKE, J. concurred.

Notice set aside.

CITED in *Mor. Can. & Bkg. Co.* v. *Van Vorst,* 1 *Zab.* 121.